UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROCKY DWIGHT SIMBECK,<br><br>　　　　　Petitioner,<br><br>　　　　　v.<br><br>SHERIFF,<br><br>　　　　　Respondent. | CAUSE NO. 3:24-CV-171-TLS-APR |

**OPINION AND ORDER**

Rocky Dwight Simbeck, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for cocaine possession under Case No. 20D04-1912-F6-001683.[1] Following a guilty plea, on December 8, 2021, the Elkhart Superior Court sentenced him to one year of incarceration at Michiana Community Corrections. *See* Pet. at 3, ECF No. 1. On February 25, 2022, the Elkhart Superior Court amended the sentencing order by changing the date on which he was to report to Michiana Community Corrections. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Simbeck argues that the amended sentencing order violated his right against double jeopardy. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. According to the electronic dockets for the State courts, Mr. Simbeck was resentenced on February 25, 2022, and he did not pursue a direct appeal. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking a direct appeal expired on March 28, 2022. *See* Ind. R. App. P. 9(A)(1) (thirty days after entry of final judgment); *Smith v. Superintendent, Westville Corr. Facility*, No. 3:10-CV-219, 2011 WL 1740170, at *2 (N.D. Ind. May 4, 2011) (concluding that Indiana prisoner's conviction became final thirty days after he did not take a direct appeal from his conviction). The federal limitations period expired one year later on March 28, 2023. Simbeck did not file the petition in this habeas case until January 23, 2024. ECF 1 at 5. Because Simbeck filed the petition nearly ten months too late, the court denies the petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition

2

is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Simbeck to proceed further, and a certificate of appealability is denied.

For these reasons, the Court:

(1) DISMISSES the habeas petition (ECF No. 1) because it is untimely;

(2) DENIES Rocky Dwight Simbeck a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the Clerk of Court to close this case.

SO ORDERED on March 7, 2024.

 s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT